[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
SEPTEMBER 25, 2009
THOMAS K. KAHN
CLERK

_____

No. 08-16741
Non-Argument Calendar

_____

D. C. Docket No. 08-00010-CR-01-MHS-1

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

DONNIE ATKINS,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Northern District of Georgia

_____

(September 25, 2009)

Before CARNES, WILSON and ANDERSON, Circuit Judges.

PER CURIAM:

Donnie Atkins appeals his 308-month sentence for armed bank robbery, in violation of 18 U.S.C. §§ 2113(a) and (d) and 2, and discharge of a firearm during a crime of violence, in violation of 18 U.S.C. § 924(c)(1)(A)(iii). On appeal, he argues that the district court erred by increasing his offense level pursuant to U.S.S.G. § 2B3.1(b)(7)(C) based on the sum of money stored inside the bank vault because there was no evidence that he could have accessed the vault before fleeing the bank. In applying § 2B3.1(b)(7), the district court included the money stored inside the vault, pursuant to U.S.S.G. § 2X1.1, because it found that Atkins intended to steal the money stored inside the vault. The government responds that the district court correctly applied § 2B3.1(b)(7)(C). In the alternative, it argues that any error was harmless because (1) the court stated that it would have imposed the same sentence despite the guideline calculation, and (2) the sentence was reasonable.

As a preliminary matter, we need not determine whether the district court erred in its assessment of the loss amount under § 2B3.1(b)(7)(C) because, as the government argues, the district court stated that it would have imposed the same sentence regardless of the guideline calculation, and the sentence was reasonable.

In United States v. Tampas, we held that any error in the district court's loss calculation was harmless error because the loss amount enhancement did not affect

the defendant's sentence. 493 F.3d 1291, 1305 (11th Cir. 2007) (reasoning that the district court stated that it would have imposed the same sentence (regardless of the loss calculation recommended by the Guidelines), recognized the advisory nature of the Guidelines, stated that the sentence complied with the 18 U.S.C. § 3553(a) factors, and imposed a sentence within the statutory maximum). However, we have also instructed that a district court's statement that a disputed guidelines issue was irrelevant because the sentence was imposed in consideration of the 18 U.S.C. § 3553(a) factors did not render appellate review moot. United States v. Keene, 470 F.3d 1347, 1349 (11th Cir. 2006). This is so because the sentence imposed, assuming error in the guideline calculation, still must be substantively reasonable. Id.

Reasonableness review requires the application of an abuse-of-discretion standard. Gall v. United States, 552 U.S. 38, 128 S.Ct. 586, 594, 169 L.Ed.2d 445 (2007). "In reviewing the ultimate sentence imposed by the district court for reasonableness, we consider the final sentence, in its entirety, in light of the § 3553(a) factors." United States v. Thomas, 446 F.3d 1348, 1351 (11th Cir. 2006). "We may find that a district court has abused its considerable discretion if it has weighed the factors in a manner that demonstrably yields an unreasonable sentence." United States v. Pugh, 515 F.3d 1179, 1191 (11th Cir. 2008). We have

3

held that comparing the sentence imposed against the statutory maximum sentence is one indication of reasonableness. United States v. Valnor, 451 F.3d 744, 751-52 (11th Cir. 2006).

"[T]he party who challenges the sentence bears the burden of establishing that the sentence is unreasonable in the light of both [the] record and the factors in section 3553(a)." United States v. Talley, 431 F.3d 784, 788 (11th Cir. 2005). The § 3553(a) factors include: (1) the nature and circumstances of the offense and the history and characteristics of the defendant; (2) the need to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense; (3) the need for deterrence; (4) the need to protect the public; (5) the need to provide the defendant with needed educational or vocational training or medical care; (6) the kinds of sentences available; (7) the Sentencing Guidelines range; (8) pertinent policy statements of the Sentencing Commission; (9) the need to avoid unwanted sentencing disparities; and (10) the need to provide restitution to victims. Id. at 786 (summarizing 18 U.S.C. § 3553(a)).

Atkins's sentence, even assuming error, was substantively reasonable. The sentence was well-within the statutory maximum sentence and imposed in consideration of Atkins's extensive criminal record, the violent nature of his offense, and the need to promote deterrence. Thus, any error in the district court's

valuation of the loss amount was harmless error.

Upon review of the record and consideration of the parties' briefs, we affirm.

**AFFIRMED.**